Opinion issued April 17, 2008


















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00099-CR

____________


LUIS NOE BARRIOS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1017966






MEMORANDUM OPINION

 A jury found appellant, Luis Noe Barrios, guilty of the offense of capital
murder. (1) Because the State did not seek the death penalty, the trial court
automatically assessed his punishment at confinement for life. (2) In his sole point of
error, appellant contends that the trial court, over his objection, erroneously instructed
the jury to unanimously agree to acquit him of the offense of capital murder before
it could consider whether appellant was guilty of the lesser-included offense of
robbery.

 We affirm.

Background

 On February 18, 2005, appellant, his brother Omar, and his sister's boyfriend,
Paul Rangel, entered Nolan Laboube's apartment to rob him of drugs and money. 
Upon entering the apartment, appellant watched Omar and Rangel beat Laboube. 
Rangel then shot Laboube in the head. The group grabbed Laboube's safe and fled
the apartment. 

 A week after the robbery, police arrested appellant. During his interview with
police, appellant waived his legal rights and confessed in a videotaped statement that
he had participated in the robbery, but he denied knowing Rangel had a gun on him
the night of the offense. 

 At trial, the trial court instructed the jury on the elements of capital murder. 
Following the instruction on capital murder, the charge instructed the jury,"Unless
you so find from the evidence beyond a reasonable doubt, or if you have a reasonable
doubt thereof, you will acquit the defendant of capital murder and next consider
whether the defendant is guilty of robbery." The charge next instructed the jury on
the elements of robbery and directed it to "acquit the defendant of robbery" unless it
found from the evidence "beyond a reasonable doubt" that appellant was guilty of
robbery. The charge then gave a benefit of the doubt instruction which stated: 

 If you believe from the evidence beyond a reasonable doubt that
the defendant is guilty of either capital murder on the one hand or
robbery on the other hand, but you have a reasonable doubt as to which
of said offenses he is guilty, then you must resolve that doubt in the
defendant's favor and find him guilty of the lesser offense of robbery.


 If you have a reasonable doubt as to whether the defendant is
guilty of any offense defined in this charge you will acquit the defendant
and say by your verdict "Not Guilty."


Appellant made a proper, timely objection to the jury charge at trial, which the trial
court overruled.

 The jury found appellant guilty of capital murder. Because the State did not
seek the death penalty, the trial court automatically assessed appellant's punishment
at confinement for life.Analysis

 In his sole point of error, appellant argues that the trial court erred by
instructing the jury that it must unanimously agree that he was not guilty of capital
murder before it could consider the lesser included offense of robbery. Appellant
specifically complains of the portion of the charge that stated, "Unless you so find
from the evidence beyond a reasonable doubt, or if you have a reasonable doubt
thereof, you will acquit the defendant of capital murder and next consider whether the
defendant is guilty of robbery." (Emphasis added). Appellant argues that the so-called "acquittal first" instruction "rendered the subsequent 'benefit of the doubt
charge' meaningless" because "[r]equiring the jury in appellant's case to first acquit
of capital murder before considering the lesser offense of robbery prevented the jury
from applying the law contained in the 'benefit of the doubt instruction' to the facts
of appellant's case . . . ."

 We review jury charge error in a two-step process. Ngo v. State, 175 S.W.3d
738, 743 (Tex. Crim. App. 2005). First, we determine whether error exists in the
charge. Id. If there is error, we then review the record to determine whether
sufficient harm was caused by the error to require reversal of conviction. Id. When
the accused has properly objected to the error in the jury charge, reversal is required
when an appellate court finds some harm to his rights. Id.

 This Court recently held in Mitchel v. State that the type of instruction used in
this case is not erroneous. No. 01-06-00369-CR, 2008 WL 339696, at *5 (Tex.
App.--Houston [1st Dist.] Feb. 7, 2008, no pet. h.) (citing Boyett v. State, 692 S.W.2d
512, 515-16 (Tex. Crim. App. 1985)). The appellant in Mitchel complained of an
instruction that was virtually identical in both form and substance to the jury charge
complained of here. (3) Id. This Court emphasized the fact that the jury charge is
intended to be read as a whole, and we stated that the charge as written "clearly
contemplated that the jury would consider the lesser offense before unanimously
deciding to acquit of the greater offense" and that the jury charge as a whole
"properly instructed jurors regarding the effect of their having had a reasonable doubt
as to any charged offense." Id.

 The charge here is virtually identical to the charge in Mitchel. It is clear that
the jury charge was intended to be read as a whole and that the jury could consider
the "benefit of the doubt instruction" before making its final, unanimous decision. 
See id. Therefore, we hold that this charge is not erroneous. Because there was no
error in the charge we do not need to address whether there was some harm. See Ngo,
175 S.W.3d at 743.

 We overrule appellant's sole point of error. 

Conclusion

 We affirm the judgment of the trial court.


 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 19.03(a)(2) (Vernon Supp. 2007).
2. See id. § 12.31 (Vernon Supp. 2007); Tex. Code Crim. Proc. Ann. art. 37.071, § 1
(Vernon 2006). 
3. The appellant in Mitchel v. State was found guilty of attempted capital murder of a
peace officer. Mitchel v. State, No. 01-06-00369-CR, 2008 WL 339696 (Tex.
App.--Houston [1st Dist.] Feb. 7, 2008, no pet. h.). The jury charge in Mitchel
instructed the jury on the elements of attempted capital murder of a peace officer and
then stated, "Unless you so find from the evidence beyond a reasonable doubt, or if
you have reasonable doubt thereof, you will acquit the defendant of capital murder
of a peace officer and next consider whether the defendant is guilty of [a lesser
included offense]." Id. at *5. (Emphasis added). After the instruction on the last
lesser included offense, the jury charge in Mitchel contained a benefit of the doubt
provision almost identical to that in this case. Id.